**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER SEIDLER and**
**CONNIE SEIDLER,**

      **Plaintiffs,**

**v.**                             **Case No: 6:24-cv-2350-PGB-RMN**

**MARRIOTT VACATIONS**
**WORLDWIDE, CORP.,**

      **Defendant.**
_____/

### <u>ORDER</u>

This cause comes before the Court upon *sua sponte* review of the file. Upon consideration of the circumstances, this action is due to be dismissed *with prejudice* for the reasons set forth below.

This case was initiated in state court by Plaintiffs Christopher Seidler and Connie Seidler (collectively, the "**Plaintiffs**") on October 28, 2024 (Doc. 1-1) against Defendant Marriott Vacations Worldwide, Corp. ("**Defendant**") and removed to this Court on December 27, 2024. (Doc. 1). Shortly after removal, on January 2, 2025, the parties filed a Joint Motion to Stay the Case. (Doc. 3 (the "**Motion to Stay**")). Therein, the parties notified the Court that the parties "agree[d] that the claims made within the Complaint must be referred to arbitration in accordance with" the terms of a contract that was previously entered into by the parties. (*Id.*). As such, the parties requested "the Court enter an order

staying the case and directing the parties to so arbitrate." (*Id.*). On January 7, 2025, the Court granted the Motion to Stay and required the parties to "proceed to arbitration in accordance with the terms of their agreement." (Doc. 7). Moreover, the Court directed the parties to file joint status reports "every ninety (90) days" after entry of the Order to update the Court on the progress of arbitration. (*Id.*).

Notably, Plaintiffs have yet to initiate arbitration. On April 2, 2026, Defendant filed a Motion for an Order to Show Cause as to Why Plaintiffs' Complaint Should not be Dismissed With Prejudice. (Doc. 26). The Court granted the motion and required Plaintiffs to show cause as to why the case should not be dismissed with prejudice for failure to initiate arbitration. (Doc. 27 (the "**Court's Order**")). On April 22, 2026, two days after the response deadline, Plaintiffs responded to the Court's Order. (Doc. 28). Therein, Plaintiffs' counsel, Stephanie Parsons ("**Ms. Parsons**"), said she was seeking to withdraw from the case and "requested the Plaintiffs' contact information from Defendant" as she "intend[ed] to notify Plaintiffs of her intention to withdraw from representation." (*Id.* at p. 7). Ms. Parsons further represented to the Court that, "[u]pon receipt of the Plaintiffs' contact information, the undersigned will provide formal notice of her intent to withdraw. Thereafter, following the expiration of the required fourteen-day notice period, the undersigned will file the appropriate Motion to Withdraw." (*Id.*).

To verify the veracity of Ms. Parson's statements, the Court requested that Defendant "provide a response regarding the status of [the] efforts" to provide Ms. Parsons the Plaintiffs' contact information. (Doc. 29). On May 1, 2026, Defendant

2

represented that it had "provided to Ms. Parsons all available contact information for Plaintiffs in Defendant's possession." (Doc. 30, p. 3). Yet, Ms. Parsons has not sought to withdraw from the case nor initiated arbitration in the fifty-six days since May 1.

Ultimately, the Court's generosity has run out. Ms. Parsons has been afforded the opportunity to contact her clients and withdraw from the case, but has failed to do so. Ms. Parsons was ordered to initiate arbitration over 500 days ago, but has failed to do so. Accordingly, the harsh sanction of dismissal with prejudice is warranted in this instance. *See Krinsk v. SunTrust Bank*, No. 8:09-CV-00909-T-27MA, 2014 WL 202032, at *4 (M.D. Fla. Jan. 17, 2014) (collecting cases to confirm that dismissal with prejudice is a proper remedy for repeated failure to initiate arbitration); *Hamrit v. Citigroup Glob. Markets, Inc.*, No. 22 CIV. 10443 (JPC), 2025 WL 3514760, at *3 (S.D.N.Y. Dec. 8, 2025) ("When a plaintiff in a stayed case commits, in defiance of judicial orders, to refusing to initiate arbitration, sanctions lesser than dismissal with prejudice are ineffective.").

For the aforementioned reasons, the stay is hereby **LIFTED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on June 26, 2026.

3

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4